UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**MARKLIN MOORE**             **CIVIL ACTION NO. 3:10-cv-0091**

**VS.**                       **SECTION P**

                              **JUDGE ROBERT G. JAMES**

**ALLSTATE INSURANCE CO.,**
**ET AL.**                    **MAGISTRATE JUDGE KAREN L. HAYES**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Marklin Moore, proceeding *in forma pauperis*, and utilizing the form provided to prisoners for filing civil rights complaints pursuant to 42 U.S.C. §1983, filed the instant complaint on January 11, 2010.  Plaintiff is a detainee in the custody of the Sheriff of Ouachita Parish. He is detained at the Ouachita Parish Corrections Center (OCC), Monroe, Louisiana awaiting trial on multiple counts of resisting an officer, simple battery on an officer, and illegal possession of a stolen firearm which are pending in the Fourth Judicial District Court.[1]  He sued Tonya Brown and her insurer, the Allstate Insurance Co. seeking money damages for injuries he sustained in a motor vehicle accident that occurred on October 6, 2008. In addition, and in conjunction with the complaint, he filed an "Injunction A Temporary Restraining Order" asking the Court to prohibit the OCC Medical Department from denying him "proper rehab" for the injuries he sustained in that accident. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended

---

[1] See Ouachita Parish Sheriff's Office web site, "Current Prisoners & Recent Bookings" at http://www.cela.com/

that the complaint be **DISMISSED WITH PREJUDICE**, and that the request for Temporary Restraining order be **DENIED.**

*Background*

Plaintiff claims that he was seriously injured in a motor vehicle accident on October 6, 2008. According to plaintiff, the automobile he occupied at the time of the accident was insured by Allstate Insurance Co., and the defendant, Tonya Brown, of Monroe, was the policy holder. He prays for money damages and the appointment of counsel to represent him in this personal injury suit.

In a separate pleading filed the same day, he prayed for a TRO asking the Court to restrain the "O.C.C. Medical Department"... "from denying me proper rehabilitation and all further Doctor's appointment." [Doc. 1, pp. 12-13]

*Law and Analysis*

**1. Screening**

Plaintiff has been permitted to proceed *in forma pauperis*. When a prisoner is allowed to proceed *in forma pauperis*, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

**2. Civil Rights**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108

S.Ct. 2250, 101 L.Ed.2d 40 (1988).[2] The "under-color-of-state-law" element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,' " *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), cited in *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999).

Plaintiff, a Louisiana resident, sues another Louisiana resident and her insurer for injuries sustained in a motor vehicle accident. Plaintiff's complaint does not allege the deprivation of any rights secured by the Constitution or laws of the United States; nor does he allege that the defendants were "state actors," that is operating under color of state law. (Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion).)

Plaintiff's cause of action is not authorized by 42 U.S.C. §1983 or any other federal law. Thus, he has established neither federal question or diversity jurisdiction. In addition, his state law torts claim alleges that the accident for which he brings suit occurred in October of 2008. As the applicable statute of limitations on state law tort claims in Louisiana is one year from the date of the accident or injury, his state law claim had prescribed long before the time he filed this

---

[2] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

action in Federal court. Thus, a dismissal of plaintiff's state law claim without prejudice is not warranted as allowing plaintiff to refile his tort claim in state court would be futile.

### 3. TRO

Plaintiff seeks a TRO against the "O.C.C. Medical Department"; however, he did not identify the OCC Medical Department as a defendant. Of course, even if he were permitted to amend his complaint, the Medical Department would not be a proper defendant. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether this entity has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. OCC is a parish corrections facility operated by the sheriff of Ouachita Parish. [Compare La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)]. The OCC "Medical Department" is also not a juridical person capable of being sued. *Oladipupo v. Austin*, 104 F.Supp.2d 626, 641-42 (W.D.La.2000).

Further, plaintiff has not complied with the requirements of F.R.C.P. Rule 65 – he has not submitted either an affidavit or verified pleading showing that "... immediate and irreparable injury, loss, or damage will result..." if the restraining order does not issue.

Finally, based upon the facts thus far alleged, plaintiff has not shown that he is entitled to injunctive relief.  A movant for a preliminary injunction or TRO must demonstrate <u>each</u> of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff simply cannot prevail because he cannot demonstrate either a substantial likelihood of success on the merits or the probability of irreparable injury.

### 4. Appointment of Counsel

Plaintiff has also requested appointment of counsel. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983.  "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985).

 In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has filed a frivolous suit. He has not demonstrated the need for counsel. Further, plaintiff has failed to demonstrate that he has even attempted to procure counsel on his behalf.

Accordingly,

### *Conclusion, Order, and Recommendation*

Plaintiff's request for appointment of counsel is **DENIED.**

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B); and,

**IT IS FURTHER RECOMMENDED THAT** plaintiff's Motion for Temporary Restraining Order [Doc. 1, pp. 12-13] be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 10, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE